EDWIN R. ROBERTSON, Appellant, *v.* WILLIAM RUSSELL, Respondent.

*Examination of plaintiff before trial — defendant must state the nature of his defence — facts showing the examination to be necessary, must be alleged — Code of Civil Procedure, § 872, sub. 4 — General Rule No. 89.*

After the service of an amended complaint herein, and before the service of an amended answer, the defendant applied for an order requiring the plaintiff to appear and be examined before trial. The defendant's affidavit set out at length the nature of the action, the relief sought and the various matters alleged in the complaint, and alleged that the deponent was advised and believed that it was material and necessary, in the preparation of his answer that he should be permitted to examine the plaintiff as to the allegations set forth in the complaint. The affidavit then set forth the allegations as to which the plaintiff was to be examined, but mentioned no facts tending to show such examination to be necessary or material, nor did it set forth the nature of the defense to be interposed.

Upon an appeal from an order requiring the plaintiff to appear and be examined, *held,* that the affidavit was defective in not setting forth the nature of the defence to be interposed.

That it was also defective in not setting forth the facts and circumstances showing an examination of the plaintiff to be material and necessary.

That the order should be reversed.

APPEAL by the plaintiff from an order made at Special Term, denying a motion to vacate an order requiring the plaintiff to appear and be examined as a witness on behalf of the defendant. The application for the order of examination was made by the defendant after the service of an amended complaint. The affidavit set forth fully the object of the action and the relief sought, and also, in detail, the various matters alleged in the complaint. It then alleged : "Deponent further says that, as he is advised and verily believes, it is necessary and material, in the preparation of his answer to the plaintiff's amended complaint, that he be permitted to examine the said plaintiff as to the allegations, matters and things therein set forth, particularly upon the following : As to the note being regarded as worthless by plaintiff," etc., and in like manner it is stated that an examination was asked as to certain other allegations of the complaint specifying them. It stated no facts tending to show such examination to be material or necessary, nor did it state the nature of the defence to be interposed.

*O. J. Wells* and *D. C. Brown,* for the appellant.

*Amos G. Hull,* for the respondent.

PRATT, J. :

The affidavit upon which the order for the examination of the plaintiff was granted does not comply with the requirements of subdivisions 2 and 4 of section 872 of the Code of Civil Procedure, or with Rule 89.

Under this section, as amended in 1879, it is incumbent upon the defendant, whether making the application for the examination before or after the answer, to set forth in his affidavit the nature of his defence (subdivision 2). This the defendant has utterly failed to do in the present instance.

There is, however, a still more serious objection to defendant's affidavit. Subdivision 4 of the section above referred to requires, in conjunction with Rule 89, that the facts and circumstances should be specified showing that the examination is material and necessary. It is no compliance with these provisions for the affidavit to simply state in the language of the rule that the examination is material and necessary, for that is but giving his judgment of the matter.

The judge to whom the application is made must determine the materiality and necessity from the facts of the case. (*Greer* v. *Allen*, 15 Hun, 432; *Beach* v. *Mayor*, 14 id., 82.)

The affidavit in question does not specify a single fact or circumstance showing the necessity for plaintiff's examination to enable defendant to prepare his amended answer. It sets forth at great length the subjects upon which the examination is sought, but nothing is stated from which the judge granting the order could determine why the deposition of the plaintiff upon these points was essential to the preparation of defendant's answer or defence.

The order appealed from should be reversed, with the costs and disbursements of this appeal and ten dollars costs of the motion.

Gilbert, J., concurred; Barnard, P. J., not sitting.

Order reversed, with costs and disbursements.